

**FILED**
JUL 07 2011
U.S. DISTRICT COURT
MARTINSBURG, WV 25401

U. S. DEPARTMENT OF JUSTICE

WILLIAM J. IHLENFELD, II
United States Attorney
Northern District of West Virginia

|  |  |
|---|---|
| 217 West King Street | Phone: (304) 262-0590 |
| Suite 400 | Fax:   (304) 262-0591 |
| Martinsburg, WV 25401 |  |

October 20, 2010

Kevin D. Mills, Esq.
1800 W. King Street
Martinsburg, WV 25401

Re:   United States v. Thomas Alan Jones
      Criminal No. 3:10CR 35

Dear Mr. Mills:

This will confirm conversations with you concerning your client, Thomas Alan Jones (hereinafter referred to as Defendant).

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1. Defendant will waive his right to have his case presented to a Grand Jury and plead guilty to a one-count Information to be filed in this district charging him with possession with the intent to distribute approximately 126.3 pounds of marijuana, in violation of Title 21, United States Code, Section 841(a)(1). A copy of said Information is attached hereto as a part of this agreement.

2. The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is: not more than twenty (20) years incarceration, a fine of $1,000,000 and a term of supervised release of at least three (3) years pursuant to Title 21, United States Code, Section 841(b)(1)(C) and a special mandatory assessment of $100.00 (18 USC 3013) **which must be paid within 40 days following the entry of his plea** by money order or certified check, made payable to the United States District Court. It is also understood that Defendant might

_____         10/26/10
Thomas Alan Jones, Defendant              Date Signed

_____         10/26/10
Kevin D. Mills, Esq.                      Date Signed
Counsel for Thomas Alan Jones

Kevin D. Mills, Esq.
October 20, 2010
Page 2

be required by the Court to pay the costs of his incarceration, supervised release or probation (18 USC 3572(a)(6)).

3.      Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4.      A. Nothing contained in any statement or any testimony given by Defendant pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

        B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

        C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5.      At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States would not object to Defendant receiving a downward Guideline adjustment for a safety valve, provided he meets all the criteria set forth in Title 18, United States Code, Section 3553(f) and Guideline 5C1.2(a)(1-5).

6.      There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes a non-binding recommendation by the United States, pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure; however, Defendant understands that the Court is **not** bound by this sentence

_____      10/26/10
Thomas Alan Jones, Defendant            Date Signed

_____      10/26/10
Kevin D. Mills, Esq.                         Date Signed
Counsel for Thomas Alan Jones

Kevin D. Mills, Esq.
October 20, 2010
Page 3

recommendations, and that Defendant has **no** right to withdraw his guilty plea if the Court does not follow the sentencing recommendation set forth in this plea agreement.

7. Contingent upon Defendant's payment of the $100.00 special assessment fee **within 40 days following the entry of his plea**, the United States will make the following non-binding recommendation:

    A. If in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation; and,

    B. Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation and Defendant's offense level is 16 or greater, **and** if he complies with all the requirements of this agreement, the United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before Wednesday, October 27, 2010, at 12:00 p.m., and returns an executed copy to the United States by that day; and,

    C. The United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.

8. If in the opinion of the United States, Defendant either engages in conduct defined under the Application Notes of Guideline 3C1.1, fails to cooperate as promised, **fails to pay the special assessment within 40 days following the entry of his plea,** or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9. Pursuant to Sections 6B1.4, 1B1.3 and 2D1.1 [Application Note 12] of the Guidelines, the parties stipulate and agree that the total drug relevant conduct of Defendant with regard to the Information is **126.3 pounds (57.4 kilograms) of marijuana**. Defendant understands that pursuant to Section 6B1.4(d), the Court is **not** bound by the above stipulation and is **not** required to accept same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will **not** have the right to withdraw his plea.

_____    10/26/10
Thomas Alan Jones, Defendant        Date Signed

_____    10/26/10
Kevin D. Mills, Esq.                Date Signed
Counsel for Thomas Alan Jones

Kevin D. Mills, Esq.
October 20, 2010
Page 4

10. Notwithstanding any provision in this agreement, any statute, or any rule to the contrary, any property that would otherwise be subject to forfeiture shall not be exempted therefrom because a statement made by the Defendant referred to, identified, or lead to the identification or location of such property. The Defendant agrees to the forfeiture of the property described below, which the Defendant stipulates is property constituting, or derived from, proceeds obtained directly or indirectly from the Defendant's violation of the Controlled Substances Act offense of conviction, or was used or intended to be used to commit or facilitate such violation. The Defendant voluntarily abandons all right, title, interest, and claim to the following property in order that appropriate disposition may be made thereof by the Eastern Panhandle Drug & Violent Crimes Task Force:

One 1999 Toyota truck, Virginia Registration XLU-7557, VIN 4TAWN72N7XZ509386

Said property will be forfeited, at the option of the United States, in a judicial or administrative proceeding. By signing this agreement, the Defendant hereby withdraws any claim the Defendant has filed in any administrative forfeiture action, and agrees to the entry of a Declaration of Forfeiture.

The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Further, the Defendant agrees to waive all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

The Defendant agrees to execute a deed and any other document containing any necessary assurance to effectuate the transfer of title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

11. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742.

_____     10/26/10
Thomas Alan Jones, Defendant            Date Signed

_____     10/26/10
Kevin D. Mills, Esq.                    Date Signed
Counsel for Thomas Alan Jones

Kevin D. Mills, Esq.
October 20, 2010
Page 5

Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

12. Defendant waives any right he may have to ask the Court for any departures pursuant to any section found in the Sentencing Guidelines.

13. Defendant understands and agrees that the United States reserves its option to seek any departure from the applicable sentencing guidelines pursuant to Section 5K of the Sentencing Guidelines and Policy Statements or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its sole discretion, the United States determines that the Defendant has provided substantial assistance and that such assistance has been completed. The Defendant agrees that the decision whether to file such a substantial assistance motion rests in the United States Attorney's sole discretion and that this plea agreement creates **no** promise or obligation on the part of the United States to file such a motion. Furthermore, if such a substantial assistance motion is not filed, Defendant would **not** have the right to withdraw his plea.

14. Defendant hereby authorizes the Financial Litigation Unit in the United States Attorney's Office for the Northern District of West Virginia to access his credit report from any major credit reporting agency, in order to assess his financial condition for sentencing purposes.

15. Defendant understands that there are items of physical evidence in the United States' possession which could be subjected to DNA testing. Defendant knowingly and voluntarily waives his right to request DNA testing both now and after conviction. Defendant has fully discussed the significance of DNA testing with his attorney, and is satisfied with his attorney's explanation concerning DNA testing and the advice his attorney has provided to him concerning the consequences of waiving the right to request DNA testing.

16. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation relevant

_____          _____
Thomas Alan Jones, Defendant                         Date Signed  10/26/10

_____          _____
Kevin D. Mills, Esq.                                           Date Signed  10/21/10
Counsel for Thomas Alan Jones

Kevin D. Mills, Esq.
October 20, 2010
Page 6

information including, but not limited to Defendant's background, criminal record, the offense or offenses charged in the Information and any other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

17. If Defendant's plea is not accepted by the Court or is later set aside or if Defendant breaches any part of this agreement, then the United States Attorney's Office will have the right to void this agreement.

18. The above seventeen (17) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings or promises between the parties other than those contained in this agreement.**

Very truly yours,

WILLIAM J. ILHENFELD, II
UNITED STATES ATTORNEY

By: _____
Thomas O. Mucklow
Assistant United States Attorney


As evidenced by my signature at the bottom of the six (6) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision. I also understand that this agreement shall not be a firm offer and acceptance until signed by the United States Attorney or authorized designee.

_____     10/26/10
Thomas Alan Jones, Defendant        Date Signed

_____     10/21/10
Kevin D. Mills, Esq.                Date Signed
Counsel for Thomas Alan Jones